IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JANET WILSON-CARTER, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | COMPLAINT |
| | ) | |
| V. | ) | |
| | ) | |
| WOODLAND HILLS SCHOOL | ) | |
| DISTRICT, ALAN JOHNSON, | ) | |
| individually and in his official capacity, | ) | |
| LICIA LENTZ, individually and in her | ) | |
| official capacity, and TARA REIS, | ) | JURY TRIAL DEMANDED |
| individually and in her official capacity, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

## NATURE OF THE ACTION, JURISDICTION AND VENUE

1.  This is an individual action under Title VII of the Civil Rights Act of 1964

(Title VII), as amended (42 U.S.C. § 2000(e) et. seq.), the Equal Pay Act (EPA), as

amended (29 U.S.C. § 206(d)), and the Pennsylvania Human Relations Act, as amended

(PHRA) (43 Pa. C.S.A. § 951 et. seq.), to correct certain unlawful employment practices

and to make whole Plaintiff.

2.      Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331, 28 USC

§ 1343 and, for supplemental state claims, 28 U.S.C. § 1367(a). This action is authorized

and instituted pursuant to Title VII, the EPA, the ADEA and the PHRA. Plaintiff

exhausted her administrative remedies by filing a Charge of Discrimination with the

Equal Employment Opportunity Commission (EEOC) and the Pennsylvania Human

Relations Commission (PHRC), receiving a Right to Sue, and filing this action within the respective statutory limits.

3. The actions and policies alleged to be unlawful were committed in and around Pittsburgh, PA, where Defendant maintains its operations and where Plaintiff has worked and, therefore, this action is within the jurisdiction of the United States District Court for the Western District of Pennsylvania, and the venue is proper.

4. Janet Wilson-Carter (hereinafter referred to as "Plaintiff"), has resided at all relevant times at 831 Cedarwood Drive, Pittsburgh, Pennsylvania 15235.

5. Defendant, Woodland Hills (hereinafter referred to as "the District") is a school district formed under the laws of the Commonwealth of Pennsylvania and maintains its administrative offices at 531 Jones Avenue, North Braddock, Pennsylvania 15104.

6. Defendant Alan Johnson (hereinafter "Johnson") is an adult individual who maintains a professional office located at 531 Jones Avenue, North Braddock, Pennsylvania, Allegheny County, Pennsylvania 15221. At all times relevant hereto, Johnson was the Superintendent of the School District.

7. Defendant Licia Lentz (hereinafter "Lentz") is an adult individual who maintains a professional office located at 531 Jones Avenue, North Braddock, Pennsylvania, Allegheny County, Pennsylvania 15221. At all times relevant hereto, Johnson was the Assistant Superintendent of the School District.

8. Defendant Tara Reiss (hereinafter "Reis") is an adult individual who maintained professional office located at 531 Jones Avenue, North Braddock,

Pennsylvania, Allegheny County, Pennsylvania 15221. At all times relevant hereto, Reis was the President of the School Board for the School District.

9.      Plaintiff has been employed by the District from on or about June 19, 1997 until the present.

10.     At all relevant times, the District has engaged in interstate commerce within the meaning of Title VII and the EPA.

11.     Defendant has employed more than one hundred workers during the relevant period.

## BACKGROUND AND STATEMENT OF CLAIMS

12.     Plaintiff has been employed by the District since on or about August of 1997, serving as the principal of East Junior High School from 2006 through 2009; principal at Woodland Hills Junior High School from 2009 through 2011; principal at Edgewood Elementary School from 2011 through 2015; and, from 2015 to present, as the principal at Rankin Promise School.

13.     Since at least 2006 and continuing through the present, Plaintiff has been paid less than men in similar positions.

14.     There is no bona fide business reason for the unequal pay.

15.     Despite Plaintiff's repeated complaints, the District has refused to pay her equal to men performing the same or similar positions.

16.     Because of her race and gender, she has been subject to a hostile work environment and harassment from the District's Superintendent, Defendant Johnson, and other agents or employees of the District.

3

17.     Throughout her tenure within the District, Plaintiff has been repeatedly relocated to various schools within the district, without cause.  Further, she has never been supported in her principal positions as other principals have been.

18.     In September of 2014, she was advised by Mr. Johnson that the school board had received negative reports that she had "Africanized" the school building and was then subject to hostile interrogation from other school board members regarding the "cultural" elements of the school and for "creating" an uncomfortable environment for staff and families.

19.     On several occasions during the school year 2014/2015, Superintendent Johnson disrespected, demeaned and yelled at her publicly, including, but not limited to the following.

> a.   On at least one occasion, he used profanity directed towards her, using the word "fuck;"
>
> b.   On another occasion, he was visibly upset during a discussion they were having regarding race and the racial makeup of the students suspended. During this discussion, his treatment of white colleagues was completely different from his treatment of Plaintiff.  In response to inflammatory statements from white colleagues, Plaintiff never raised his voice, apologized for interrupting and treated them with respect.  In response to Plaintiff, he told her to shut up" and to "not interrupt him when he was talking;"
>
> c.   He was also present along with Plaintiff, other colleagues, board members and others in the administrative offices, when another staff member stated that as a police officer he would often arrest black men and referred to them as "niggers" while putting his foot on their necks. No disciplinary action was taken for this comment; and
>
> d.   He repeatedly questioned Plaintiff's integrity, often before other district Employees.

20.     In February, 2016, Defendant Johnson wrote a threatening and

4

intimidating email to her, which resulted in her filing a complaint with the District. The District never responded to her complaint or took any action.

21. Defendant Johnson's evaluations of her reflects the animus he has towards her as a result of her race and gender.

22. Defendant Johnson has supported and defended racist and sexist behaviors and statements of the Assistant Superintendent Licia Lentz and former High School Principal Kevin Murray on a regular basis.

23. Defendants Johnson and Lentz and former Principal Murray have repeatedly used sexually explicit and/or culturally insensitive language during meetings, including Mr. Murray stating that a student would be "fucked hard and deep" should he threaten one of his colleagues.

24. All three use explicit language, including the words "shit, fucking, fucked up, bitch, friggin' dick heads" in meetings and in discussions with Plaintiff and others. These include Johnson stating that he was "jew-ing something down." Plaintiff often expressed her discomfort over such statements to these individuals, both orally and in writing. The use of such language continued.

25. Plaintiff has been treated differently because of her sex and race, and in retaliation for her having complained over the years about the unequal pay and the racial and sexual discrimination of which she has been the victim.

26. The District's unequal treatment of Plaintiff, and retaliation against her for having engaged in protected activities, are violations of Title VII, the EPA and the PHRA.

27. The Plaintiff has lost income, lost future earnings potential, been denied

benefits, and suffered mental anguish and humiliation as a result of these violations.

28.    Plaintiff is seeking lost wages, liquidated damages, lost benefits, compensation for pain and suffering, attorney's fees and costs.

## COUNT I:  TITLE VII / PHRA – SEX DISCRIMINATION

29.    Plaintiff hereby incorporates by reference the averments set forth in paragraphs 1 through 29 as though fully set forth herein.

30.    The District has failed to pay Plaintiff the same pay for the same or equivalent work because of Plaintiff's sex, female.

31.    The District did not increase Plaintiff's salary because of her sex.

32.    The District did not select Plaintiff for job promotions and other advancements in her profession because of her sex.

33.    The District's actions are in violation of Title VII and the PHRA's prohibition against sex discrimination.

## COUNT II:  TITLE VII / PHRA – RACE DISCRIMINATION

34.    Plaintiff hereby incorporates paragraphs 1 through 34 as though the same were fully set forth herein.

35.    Plaintiff has been treated less favorably because of her race, African American.

36.    The District did not select Plaintiff for promotion and professional advancement because of her race.

37.    The District's actions are in violation of Title VII and the PHRA.

6

38.    The District knew its actions against Plaintiff were in violation of Title VII and the PHRA's prohibition against race discrimination.

39.    Plaintiff has suffered tangible and intangible losses resulting from The District's violations of the law:  Loss of pay; loss of promotional opportunities; humiliation; mental anguish; and, damage to reputation.

40.    Plaintiff is seeking lost wages, compensation for pain and suffering, attorney's fees and costs.

### COUNT III:  EQUAL PAY ACT – FAILURE TO PAY EQUAL PAY

41.    Plaintiff hereby incorporates paragraphs 1 through 41 as though the same were fully set forth herein.

42.    The District failed to pay Plaintiff equal pay for equal work as compared with a man.

43.    The District has no bona fide business reason for not paying Plaintiff the same as men.

44.    The District's actions of failing to pay a woman equal pay for equal work are in violation of the Equal Pay Act.

45.    The District knew its actions were in violation of the Equal Pay Act.

46.    Plaintiff has lost income as a result of these violations.

47.    Plaintiff is seeking lost wages, liquidated damages, attorney's fees and costs.

### COUNT IV:  RETALIATION (EPA / TITLE VII / PHRA)

48.    Plaintiff hereby incorporates paragraphs 1 through 48 as though the same were fully set forth herein.

49. Plaintiff engaged in a protected activity within the meaning of the EPA, Title VII and the PHRA by complaining about unequal treatment and by filing a charge of discrimination.

50. As a result, The District has retaliated against Plaintiff by subjecting her to unwarranted criticism, denying her a promotion she otherwise would have gotten by failing to follow its own procedures regarding student behavior.

51. The District's retaliation against Plaintiff is in violation of the EPA, Title VII and the PHRA.

52. The District knew its actions were in violation of the EPA, Title VII and the PHRA.

53. Plaintiff has and will continue to lose income as a result of these violations.

54. Plaintiff is seeking lost wages, liquidated damages, compensatories and attorney's fees and costs.

## COUNT V: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

55. Plaintiff hereby incorporates paragraphs 1 through 55 as though the same were fully set forth herein.

56. The defendant District, thorough its agents and employees, and the individual defendants, engaged in the aforementioned conduct intentionally and/or recklessly.

57. The conduct described above was extreme and outrageous.

58. The conduct caused the Plaintiff severe emotional distress.

8

59.     As a proximate result of the conduct alleged herein, the Plaintiff suffered extreme emotional distress and physical pain and suffering, entitling her to damages proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Grant a permanent injunction enjoining the District, its officers, successors, and assigns and all persons in active concert or participation with it from engaging in any employment practice which discriminates on the basis of sex and race.

B.     Order the District and each of its agents and officers to institute and carry out policies, procedures and practices which provide equal employment opportunities for women and blacks which eradicate the effects of its past and present unlawful practices.

C.     Order the District to make whole Plaintiff by paying appropriate back pay with prejudgment interest, in amounts to be proven at trial, liquidated damages and other affirmative relief necessary to eradicate the effects of its unlawful employment actions and practices.

D.     Order Defendants to pay compensatory damages to Plaintiff in an amount to be determined at trial.

E.     Order Defendants to pay the costs and reasonable attorney's fees incurred by Plaintiff.

F. Grant such further relief as the Court deems necessary and proper.

RESPECTFULLY SUBMITTED:

BOOTAY, BEVINGTON & NICHOLS, P.C.

By: _____

Travis J. Dunn, Esq.
Pa. I.D. No. 313948

6 Clairton Blvd.
Pittsburgh PA 15236
(412) 650-5940
Travis@bootaybevington.com

AUDLEY LAW OFFICES, P.C.

By: _____

Sean P. Audley, Esq.
Pa. I.D. 57568

51 Clairton Boulevard, Suite 100
Pittsburgh, PA 15236
(412) 532-0089
sean@audleylawoffices.com

Dated: 10-10-17

10